IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LARRY HENDRIX,

                                                       ORDER

                Petitioner,

                                          06-cr-54-bbc

     v.                                        16-cv-512-bbc

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Larry Hendrix has filed his sixth motion for post conviction relief under 28 U.S.C. § 2255 and has been granted leave by the Court of Appeals for the Seventh Circuit to pursue the motion in this court. Dkt. #98-1, 06-cr-54-bbc. On August 1, 2016, the Federal Defender Services of Wisconsin, Inc. wrote to tell the court that it had intended to make an appearance on petitioner's behalf in this court, but that it wished to first obtain petitioner's formal consent. On August 11, 2016, defender Joseph Toth wrote the court to say that petitioner had informed the office that he wanted to represent himself in this matter. Dkt. #6, 16-cv-512-bbc.

Eight days later, petitioner wrote the court to ask for appointment of counsel to represent him, explaining that he had not been satisfied with the representation offered by the federal defender and wanted the court to appoint counsel to represent him in place of the federal defender. Dkt #7, 16-cv-512-bbc. Although petitioner seems to think that he

has a right to representation in his latest motion for post conviction relief, he is mistaken.

In fact, petitioner has no constitutional right to representation on a motion for post conviction relief. Under 18 U.S.C. § 3006A(a)(2)(B), representation *may* be provided for any financially eligible person who is seeking relief under 28 U.S.C. § 2255; it is *required* only if an evidentiary hearing must be held. Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts. The great majority of cases for post conviction relief are decided on the record without evidentiary hearings.

Petitioner has not made a persuasive showing for obtaining new counsel in place of the federal defender, other than saying that he was displeased to be interviewed by a "student attorney," but I do not intend to try to recruit counsel to represent petitioner. I urge him to reconsider his earlier decision not to accept the help of the federal defender.

The area of § 2255 petitions is a specialized one that the great majority of lawyers have had little if any experience with, particularly when it comes to the issues that have arisen in the wake of Johnson v. United States, 135 S. Ct. 2551 (2015). On the other hand, the federal defender service has been immersed in those issues since Johnson was decided 14 months ago. Petitioner should keep in mind that he bears the burden of showing that it was not proper for the court to use any one or more of his prior convictions to find him an armed career criminal under § 924(e)(2)(B). Stanley v. United States, ___F.3d ___, 2016 WL 351486 (7th Cir. June 27, 2016) ("As the proponent of collateral review, Stanley had to produce evidence demonstrating entitlement to relief") (citing Hawk v. Olson, 326 U.S. 271, 279 (1945); Martin v. United States, 785 F.3d 703, 706 (7th Cir. 2015) ("conclusory

reference to the 'government's 30-year plea offer' does not satisfy [petitioner's] burden of providing detailed and specific factual allegations")). In other words, if petitioner believes that the sentencing court should not have relied on any particular prior conviction in finding that he was an armed career criminal, he must be able to show that the conviction was not for a crime that met the requirements of § 924(e)(2)(B).

ORDER

IT IS ORDERED that petitioner Larry Hendrix's motion for appointment of new counsel to represent him on his motion for post conviction relief under 28 U.S.C. § 2255 is DENIED. However, I will delay setting briefing deadlines on his motion for post conviction relief for a short period to allow petitioner to advise the court whether he intends to ask for the help of the federal defender or represent himself. Petitioner may have until September 20, 2016 in which to advise the court of his decision.

Entered this 30th day of August, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3